# EXHIBIT A

Electronically FILED by Superior Court of California, County of Riverside on 11/19/2025 11:27 AM
Case Number CVME2514725 0000148744523 - Jason B. Galkin, Executive Officer/Clerk of the Court By Lauren Garcia, Clerk

Alex Farzan (SBN 312771)
**THE LAW OFFICE OF ALEX FARZAN**
10940 Wilshire Blvd., Suite 2010
Los Angeles, CA 90024
(424) 325-3112
(424) 325-6311 fax
Alex@Farzanlaw.com

Attorneys for Plaintiff,
ANGIE CAMACHO

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

| | |
|---|---|
| ANGIE CAMACHO,<br><br>            Plaintiff,<br><br>    vs.<br><br>SHARKNINJA OPERATING LLC; SAM'S WEST, INC. d/b/a SAM'S CLUB and DOES 1 to 10,<br><br>            Defendants. | Case No.: **CVME2514725**<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **NEGLIGENCE – PRODUCTS LIABILITY**<br>2. **STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT**<br>3. **STRICT PRODUCTS LIABILITY – DESIGN DEFECT**<br>4. **STRICT PRODUCTS LIABILITY – FAILURE TO WARN**<br>5. **NEGLIGENCE**<br><br>*[Demand for Jury Trial]* |

Plaintiff ANGIE CAMACHO ((hereinafter, "ANGIE") by and through her counsel of record, hereby bring the following Complaint against SHARKNINJA OPERATING LLC and SAM'S WEST, INC. d/b/a SAM'S CLUB DOES 1 to 10 (collectively, "DEFENDANTS"), for damages and relief as described below:

1

PLAINTIFF'S COMPLAINT

## INTRODUCTION

1. This matter arises out of a severe burn injury sustained by Plaintiff ANGIE CAMACHO while using the SharkNinja blender designed, manufactured, distributed, and/or sold by Defendants. The subject blender was defectively designed and failed to contain adequate warnings, resulting in a catastrophic malfunction during ordinary use. Specifically, after ANGIE finished blending her chili, an activity she has completed with the subject blender countless times, Angie removed the cup/lid attachment, and contents of the chili exploded everywhere causing serious second degree burns to her hands, wrists, arms and face.

## THE PARTIES

2. Plaintiff ANGIE CAMACHO is an individual who, at all times material to this case, resides in Riverside, California.

3. Defendant SHARKNINJA OPERATING LLC ( hereinafter, "SHARKNINJA"), a corporation, with a principal address of 89 A Street, Needham, MA 02494. SHARKNINJA manufactures, sells, services, maintains, and/or puts into the stream of commerce various home goods, including the subject SharkNinja Blender.

4. Defendant SAM'S WEST, INC. d/b/a SAM'S Club, (hereinafter, "SAM'S CLUB"), a corporation that has a principal address of 1 Customer Dr. Bentonville, AR 72716. SAM'S CLUB manufactures, sells, services, maintains, and/or puts into the stream of commerce various home goods, including the subject SharkNinja Blender.

5. The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to ANGIE, who therefore sued Defendants by such fictitious names under Code of Civil Procedure § 474. ANGIE alleges that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.

2

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

6.    Jurisdiction and venue are proper in this Court pursuant to Code Civ. Proc. 395(a) because the subject incident occurred in the County of Riverside, California.

7.    This court has specific personal jurisdiction over Defendants because Defendants have minimum contacts within the State of California giving rise to this action. Specifically, SHAKRNINJA has targeted the sale of and delivered the subject product to stores and consumers, such as SAM'S CLUB  all throughout the State of California, including ANGIE.

## FACTUAL BACKGROUND

8.    On or about November 9, 2024, ANGIE was using the SUBJECT PRODUCT in a foreseeable and ordinary manner.

9.    After boiling chili with the SUBJECT PRODUCT, an activity ANGIE has completed countless times, ANGIE removed the cup/lid attachment of the SUBJECT PRODUCT.

10.    As soon as ANGIE removed the cup/lid attachment of the SUBJECT PRODUCT, contents of the chili exploded everywhere including, Angie's hands, wrists, arms and face.

11.    The SUBJECT PRODUCT lids contained a design flaw, allowing the lid to be open while still pressurized, causing hot contents to escape and explode outward. Additionally, Defendants failed to adequately warn consumers, including ANGIE, not to open the SUBJECT PRODUCT, immediately after the SUBJECT PRODUCT finished cooking.

12.    SHARKNINJA is aware of its history of manufacturing defective pressure lids that pose a burn risk to consumers. On May 1, 2025, SHARKNINJA recalled 1,846,400 Foodi Multi-Function Pressure Cookers, because "the pressure-cooking lid can be opened during use, causing hot contents to escape, posing a risk of burn injuries to consumers."

13.    As a result, ANGIE  suffered severe second-degree burns to her hands, wrists, arms and face.

14.    Therefore, as a direct and proximate result of Defendants defective product, ANGIE has suffered in a substantial manner including, but not limited to, pain, suffering, anxiety, psychological trauma, bodily injuries, emotional trauma, among other symptoms.

3

PLAINTIFF'S COMPLAINT

# FIRST CAUSE OF ACTION

## NEGLIGENCE – PRODUCTS LIABILITY

### (By Plaintiff Against all Defendants)

15.     Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

16.     Defendants and DOES 1 through 10, inclusive were engaged in the business of designing, manufacturing, testing, inspecting, repairing, modifying, servicing, distributing, wholesaling, importing, preparing for sale, and retailing, various home goods including, but not limited to, the SUBJECT PRODUCT that ANGIE used, which was involved in the incident upon which this lawsuit is based which legally and proximately caused the injuries and damages to ANGIE as alleged in this Complaint.

17.     At all times relevant to this Complaint, Defendants and DOES 1 through 10, inclusive, so negligently or otherwise tortiously, designed, manufactured, tested, inspected, repaired, modified, serviced, distributed, wholesaled, imported, stored, prepared for sale and/or retailed and sold, the SUBJECT PRODUCT (or were and are owners of and/or successors in interest to the companies that did these things), and injected the SUBJECT PRODUCT into the stream of commerce within the State of California, so as to cause the SUBJECT PRODUCT to be hazardous, defective and unsafe to persons, including ANGIE, who would foreseeably be using the SUBJECT PRODUCT in its intended, normal, and foreseeable manner, or would be in the vicinity of such use. Defendants, and each of them, additionally did willfully and negligently damage SUBJECT PRODUCT prior to its sale and/or failed to properly inspect, label, and otherwise prepare it for sale such that at the time of its purchase it was in a dangerous and defective condition for foreseeable users during reasonably foreseeable use. Defendants, and each of them, further willfully and negligently failed to warn foreseeable users, including ANGIE, of this dangerous and defective condition of the SUBJECT PRODUCT, all to ANGIE's injury and damage, according to proof at trial.

4

18. Defendants also negligently designed the SUBJECT PRODUCT. The SUBJECT PRODUCT lid contained a design flaw which allowed the lid to open while still pressurized, causing hot contents to escape and explode outward. Additionally, Defendants failed to adequately warn consumers, including ANGIE, not to open the SUBJECT PRODUCT, immediately after it finished cooking.

19. A reasonable manufacturer in Defendants position would have incorporated a safer lid system, namely, a lid locking feature, a pressure indicator, and/or a seal or gasket design while contents inside the SUBJECT PRODUCT were still boiling. Defendants failed to do so, thereby breaching their duty to design a reasonably safe product.

20. Additionally, Defendants failed to adequately warn consumers, including ANGIE, not to open the SUBJECT PRODUCT, until after the SUBJECT PRODUCT's pressure had been fully released.

21. Despite knowing of these dangers, Defendants provided no warnings in the product manual, on the packaging, or on the SUBJECT PRODUCT itself alerting consumers to these foreseeable risks. A reasonable manufacturer, designer, seller, wholesaler, or distributor, in similar circumstances would have issued clear and adequate warnings to alert consumers of these risks.

22. On or about January 26, 2024, ANGIE used the SUBJECT PRODUCT in a foreseeable manner. After boiling chili with the SUBJECT PRODUCT, an activity ANGIE has completed countless times, ANGIE removed the cup/lid attachment.

23. Once ANGIE removed the cup/lid attachment, contents of the chili exploded everywhere causing second degree burns to Angie's hands, wrists, arms and face.

24. Defendants failed to conduct proper testing or incorporate readily available safer design alternatives and created a foreseeable and unreasonable risk of harm.

25. As a direct and proximate result of the tortious or wrongful conduct of Defendant, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, as well as of Defendants tortious failure to warn users of this dangerous condition, the SUBJECT PRODUCT seriously injured ANGIE during reasonably foreseeable use, causing her to sustain

5

PLAINTIFF'S COMPLAINT

severe, and substantial, injuries both physically and emotionally. As a further direct and proximate result of the Defendants acts alleged in this Complaint, ANGIE has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

## SECOND CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

### (By Plaintiff Against all Defendants)

26.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

27.    Defendants and DOES 1 through 10, inclusive were engaged in the business of designing, manufacturing, testing, inspecting, repairing, modifying, servicing, distributing, wholesaling, importing, preparing for sale, and retailing, home goods, including, but not limited to, the SUBJECT PRODUCT that ANGIE used, and all of its respective component parts, which was involved in the incident upon which this lawsuit is based which legally and proximately caused the injuries and damages to ANGIE as alleged in this Complaint.

28.    The SUBJECT PRODUCT deviated from its intended design in that the pressure-cooker was improperly fitted, assembled, or constructed in a way that was not in accordance with the original manufacturing specifications, resulting in the contents of the pressure cooker to explode.

29.    As a result of this defect, the contents inside the SUBJECT PRODUCT exploded causing second degree burn injuries to ANGIE hands, wrists, arms, and face. This malfunction would not have occurred had the product been manufactured according to its intended and approved design.

30.    As a direct and proximate result of the tortious or wrongful conduct of Defendants, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, the SUBJECT PRODUCT seriously injured ANGIE during reasonably foreseeable use, thus causing ANGIE to sustain severe, and substantial, injuries both physically and emotionally. As a further

PLAINTIFF'S COMPLAINT

direct and proximate result of the Defendants acts alleged in this Complaint, ANGIE has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

### THIRD CAUSE OF ACTION

### STRICT PRODUCTS LIABILITY – DESIGN DEFECT

#### (By Plaintiff Against all Defendants)

31. Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

32. Defendants and DOES 1 through 10, inclusive were engaged in the business of designing, manufacturing, testing, inspecting, repairing, modifying, servicing, distributing, wholesaling, importing, preparing for sale, and retailing, home goods, including, but not limited to, the SUBJECT PRODUCT that ANGIE used, and all of its respective component parts, which was involved in the incident upon which this lawsuit is based which legally and proximately caused the injuries and damages to ANGIE as alleged in this Complaint.

33. The SUBJECT PRODUCT was defectively designed because it failed to perform as safely as an ordinary user would expect it to perform. Namely, ANGIE, an ordinary user, did not expect the contents inside the SUBJECT PRODUCT to explode once the SUBJECT PRODUCT finished boiling.

34. An ordinary user, such as ANGIE, would not have recognized the potential risks and dangers inherent in the SUBJECT PRODUCT.

35. Defendants failed to implement safer design alternatives or conduct adequate safety testing of the SUBJECT PRODUCT. Defendants failed to incorporate a safer lid system, namely, a lid locking feature, a pressure indicator, and/or a seal or gasket design while contents inside the SUBJECT PRODUCT were still boiling.

36. The SUBJECT PRODUCT did not perform as safely as an ordinary consumer would have expected it to perform when used in a reasonably foreseeable way. When ANGIE

7

opened the SUBJECT PRODUCT, she reasonably expected that the contents inside the SUBJECT PRODUCT would not expose her to sudden, scalding hot chili.

37.    As a result of the SUBJECT PRODUCT's failure to incorporate a safer lid system, hot chili spilled on ANGIE's hands, wrists, arms and face.

## FOURTH CAUSE OF ACTION

## STRICT PRODUCTS LIABILITY – FAILURE TO WARN

### (By Plaintiff Against all Defendants)

38.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

39.    Defendants and DOES 1 through 10, inclusive were engaged in the business of designing, manufacturing, testing, inspecting, repairing, modifying, servicing, distributing, wholesaling, importing, preparing for sale, and retailing, home goods, including, but not limited to, the SUBJECT PRODUCT that ANGIE used, and all of its respective component parts, which was involved in the incident upon which this lawsuit is based which legally and proximately caused the injuries and damages to ANGIE as alleged in this Complaint.

40.    The SUBJECT PRODUCT failed to include adequate warnings about the risk of opening SUBJECT PRODUCT's lid even after cooking is complete.

41.    The SUBJECT PRODUCT had potential risks that were known by Defendants as the designers, manufacturers, and sellers of the SUBJECT PRODUCT.

42.    Namely, the SUBJECT PRODUCT failed to adequately warn consumers, including ANGIE, not to open the SUBJECT PRODUCT, until after the SUBJECT PRODUCT'S pressure had been fully released.

43.    These risks presented danger of injury to all users of the SUBJECT PRODUCT.

44.    Defendants failed to warn and/or adequately warn users about the aforementioned known dangers and risks with the SUBJECT PRODUCT.

PLAINTIFF'S COMPLAINT

45.    Ordinary consumers such as ANGIE did not and could not recognize the potential risks associated with the SUBJECT PRODUCT. ANGIE was merely and average consumer trying to make chili.

46.    Defendants failure to warn and/or adequately warn users such as ANGIE about the known risks and defects and dangers in the SUBJECT PRODUCT directly caused the subject incident and ANGIE's injuries.

**FIFTH CAUSE OF ACTION**

**NEGLIGENCE**

**(By Plaintiff Against all Defendants)**

47.    Plaintiff incorporates herein by reference and re-alleges each and every paragraph of this Complaint as though duly set forth in full herein.

48.    Defendants had a legal duty to ensure that all home appliances they manufacture, design, distribute, and sell are safe, free from substantial defects, and not unreasonably dangerous. Additionally, Defendants had a duty to test, inspect, and evaluate the SUBJECT PRODUCT prior to placing it into the stream of commerce to ensure that it would not cause foreseeable harm to users like ANGIE.

49.    Defendants breached all aforementioned legal duties by designing, manufacturing, distributing, and/or selling the SUBJECT PRODUCT despite knowing it posed a serious safety risk namely, allowing the SUBJECT PRODUCT lid to open while still being pressurized, causing hot contents to escape and explode outward and failed to adequately warn consumers, including ANGIE, not to open the SUBJECT PRODUCT, immediately after the SUBJECT PRODUCT finished cooking.

50.    As a direct and proximate result of the tortious or wrongful conduct of Defendants, and due to the hazardous, defective and unsafe condition of the SUBJECT PRODUCT, as well as Defendants tortious failure to warn users of this dangerous condition, the SUBJECT PRODUCT seriously injured ANGIE during reasonably foreseeable use, thus causing her to sustain severe, and substantial, injuries both physically and emotionally. As a further direct and proximate result

9

of the Defendants acts alleged in this Complaint, ANGIE has suffered, and will continue to suffer, great physical pain and suffering, emotional anguish, loss of earnings, loss of earning capacity, and incurred medical expenses to damage, according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff ANGIE CAMACHO, requests judgment against Defendants SHARKNINJA OPERATING LLC; SAM'S WEST, INC. d/b/a SAM'S CLUB and DOES 1 to 10, and each of them, on all causes of action, for the following:

1.    special damages according to proof;

2.    compensatory damages according to proof;

3.    emotional distress;

4.    prejudgment interest;

5.    costs of suit; and

6.    any other and further relief that the court considers proper.

Dated: November 12, 2025                    **THE LAW OFFICE OF ALEX FARZAN**

By: _____

Alex Farzan, Esq.
Attorneys for Plaintiff,
ANGIE CAMACHO

10

PLAINTIFF'S COMPLAINT

## REQUEST FOR JURY TRIAL

Plaintiff demands a jury to try all claims triable by a jury.

Dated: November 12, 2025                    **THE LAW OFFICE OF ALEX FARZAN**

By: _____

Alex Farzan, Esq.
Attorneys for Plaintiff,
ANGIE CAMACHO

11

PLAINTIFF'S COMPLAINT